UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$220,000 IN UNITED STATES FUNDS SEIZED FROM JPMORGAN CHASE ACCOUNT -8290, AND ANY ACCRUED INTEREST, and<br><br>$120,218.26 IN UNITED STATES FUNDS SEIZED FROM CAPITAL ONE ACCOUNT -5262, AND ANY ACCRUED INTEREST,<br><br>Defendants. | CASE NO. CV24-1068<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

### I.   NATURE OF THE ACTION

1. This is a civil *in rem* action for forfeiture of the following property (collectively, "Defendant Funds") seized by the United States Secret Service ("USSS"):

   a. $220,000 in United States funds seized from JPMorgan Chase & Co. ("JPMC") account ending in **-8290**, held in the name of MRK Ventures, LLC, and any accrued interest ("Defendant Funds 1"); and

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 1
*United States v. $220,000 in U.S. Funds, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      b.      $120,218.26 in United States funds seized from Capital One Financial Corp ("Capital One") account ending in **-5262**, held in the name of Matthew Kleinsmith, and any accrued interest ("Defendant Funds 2").

## II.    LEGAL BASIS FOR FORFEITURE

2.      The Defendant Funds are forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) for violations of 18 U.S.C. §§ 1343 (wire fraud), 1349 (wire fraud conspiracy), 1956(a)(1)(B)(i) (money laundering), 1957 (money laundering), and 1956(h) (money laundering conspiracy). Specifically, counsel for the United States has a reasonable belief the government will be able to prove based on a preponderance of the evidence that the Defendant Funds:

      a.      constitute and/or derive from proceeds traceable to one or more violations of 18 U.S.C. §§ 1343 and/or 1349; and/or

      b.      constitute property involved in, or traceable to property involved in, one or more transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 and/or 1957.

3.      The Defendant Funds are further forfeitable pursuant to 18 U.S.C. § 984 because they constitute funds deposited in an account in a financial institution, which are identical to, and found in the same account as, the property involved in the offense that is the basis for the forfeiture, and because the United States has commenced this action within one year of the offense giving rise to forfeiture.

## III.    JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 28 U.S.C. § 1395(b) (the Defendant Funds were seized in this district).

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 2
*United States v. $220,000 in U.S. Funds, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. USSS seized the Defendant Funds on or about February 20, 2024, pursuant to federal warrants to seize property subject to forfeiture, issued in the Western District of Washington under the cause number MC24-011-SKV. After taking custody of the Defendant Funds, USSS commenced administrative forfeiture against them. The Defendant Funds remain in the custody of USSS.

7. As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Funds if it is in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Funds when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

## IV. FACTUAL BASIS FOR FORFEITURE

**A. Victims**

8. M.P.I. ("Victim 1") is a limited liability company operating and existing under the laws of the State of Washington. Victim 1 is headquartered in Seattle, Washington, in the Western District of Washington.

9. D.I.I. ("Victim 2") is a corporation operating and existing under the laws of the State of Michigan. Victim 2 is headquartered in Eaton Rapids, Michigan, in the Western District of Michigan.

10. Victim 1 and Victim 2 are not affiliated entities.

**B. Unauthorized Access of Victim 1's BofA Account**

11. On or before January 25, 2024, an employee or representative of Victim 1 responded to a phone call from a person purporting to be an employee or representative of BofA. During the call, the caller obtained certain information that could be used to access Victim 1's online BofA account.

12. From January 25, 2024, through January 30, 2024, one or more persons accessed Victim 1's online BofA account without Victim 1's knowledge or authorization.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 3
United States v. $220,000 in U.S. Funds, and Any Accrued Interest, et al.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. The person or persons initiated, or attempted to initiate, without Victim 1's knowledge or authorization, eleven outgoing wire transfers from BofA account ending in **-2613**, held in the name of Victim 1, of funds totaling $1,473,141.00. Ten of those attempted wire transfers, totaling $1,376,641.00, were successfully completed.

14. The ten successful outgoing wire transfers included a January 25, 2024, outgoing wire transfer in the amount of $757,000.00 ("Wire 1") from BofA account **-2613** to Wells Fargo Bank, N.A. ("Wells Fargo") account ending in **-7650**, with "MGK Ventures, LLC" identified as the intended beneficiary.

15. The scheme or artifice to obtain money from Victim 1 by means of false or fraudulent pretenses described above involved the use of interstate and/or foreign wire transmissions.

16. On or about January 31, 2024, BofA notified Victim 1 of the foregoing transactions. Representatives of Victim 1 informed BofA the eleven wire transfers were unauthorized and requested BofA initiate wire transfer recalls.

**C.    Unauthorized Access of Victim 2's BofA Account**

17. On or before January 29, 2024, an employee or representative of Victim 2 responded to a phone call from a person purporting to be an employee or representative of BofA. During the call, the caller obtained certain information that could be used to access Victim 2's online BofA account.

18. From January 29, 2024, through February 1, 2024, one or more persons accessed Victim 2's online BofA account without Victim 2's knowledge or authorization.

19. The person or persons initiated, without Victim 2's knowledge or authorization, nine outgoing wire transfers from BofA account ending in **-0096**, held in the name of Victim 2, of funds totaling $1,516,526.00.

20. The nine outgoing wire transfers included wires to accounts held at financial institutions in China, Lithuania, and Spain, as well as a January 29, 2024, outgoing wire transfer in the amount of $757,000.00 ("Wire 2") from BofA

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 4
*United States v. $220,000 in U.S. Funds, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

account **-0096** to Wells Fargo account **-7650**, with "MGK Ventures, LLC" identified as the intended beneficiary.

21. The scheme or artifice to obtain money from Victim 2 by means of false or fraudulent pretenses described above involved the use of interstate and/or foreign wire transmissions.

**D.     Rapid Disbursement of Fraud Proceeds**

22. Wells Fargo account **-7650**, which received Wire 1 and Wire 2, is held in the name of MGK Ventures, LLC, with Matthew G. Kleinsmith identified as the authorized signer.

23. Immediately before receiving Wire 1, Wells Fargo account **-7650** had a balance of $370.28.

24. On or about January 25, 2024, after receiving Wire 1, Wells Fargo account **-7650** initiated an online transfer in the amount of $1,000.00. The remaining balance of Wells Fargo account **-7650** after this transfer was $756,370.28, the entirety of which comprised proceeds of the wire-fraud scheme described above.

25. On or about January 26, 2024, the day after receiving Wire 1, Wells Fargo account **-7650** initiated a series of debits including, but not limited to, the following outgoing wire transfers:

   a.     a wire transfer in the amount of $60,000.00 to Capital One account **-5262** with "Matthew Kleinsmith" identified as the intended beneficiary;

   b.     a wire transfer in the amount of $23,000.00 to BofA account ending **-7708** with "VOP Management, LLC" identified as the intended beneficiary;

   c.     a wire transfer in the amount of $210,000.00 to HTLF bank account ending **-3343** with "Yesrod Holding Corp" identified as the intended beneficiary; and

   d.     a wire transfer in the amount of $220,000.00 to JPMC account **-8290** with "MRK Ventures, LLC" identified as the intended beneficiary.

26. On or about January 29, 2024, Wells Fargo account **-7650** received Wire 2.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 5
*United States v. $220,000 in U.S. Funds, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

27. On or about January 30, 2024, the day after receiving Wire 2, Wells Fargo account **-7650** initiated a series of debits including, but not limited to, the following outgoing wire transfers

    a. a wire transfer in the amount of $70,000.00 to Capital One account **-5262** with "Matthew Kleinsmith" identified as the intended beneficiary; and

    b. an international wire transfer in the amount of $735,000.00 to account ending **-9689**, held at Banking Circle S.A., a financial institution located in Luxembourg, with "Mandato Financial Services" identified as the intended beneficiary.

28. Wells Fargo account **-7650** did not receive any deposits other than Wire 1 and Wire 2 during the relevant time period.

**E.  Reliance on Fraudulent Contract**

29. On or before February 1, 2024, Wells Fargo voluntarily froze account **-7650** and initiated recalls of the outgoing wires from the account.

30. On or about February 6, 2024, a representative of Victim 1 received correspondence (the "Demand"), sent to the attention of a former employee of Victim 1, from MGK Ventures, LLC ("MGK Ventures"), through its attorney, demanding the return of the funds wired from Victim 1 and Victim 2, which Wells Fargo had frozen.

31. In its Demand, MGK Ventures incorrectly referred to Victim 1 and Victim 2 as "sister entit[ies]," even though the two entities are not affiliated with each other.

32. In support of its Demand, MGK Ventures presented what appeared to be contractual agreements between and among MGK Ventures, Victim 1, and Victim 2, purportedly for the purchase of virtual currencies in exchange for United States dollars.

33. Victim 1 and Victim 2 deny the existence of any contractual relationship with MGK Ventures.

34. The purported contractual agreements between and among MGK Ventures, Victim 1, and Victim 2, were fraudulent and contained the following indicators of fraud, among others:

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 6
*United States v. $220,000 in U.S. Funds, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      a.    the purported contractual agreement with Victim 1 included a generic electronic signature of an individual who had ceased employment with Victim 1 a significant period of time before the date of the agreement.

      b.    the electronic signature used on the agreement does not match the electronic signature for the former employee on file in Victim 1's records.

**F.    Seizure and Administrative Forfeiture of Defendant Funds**

35.    On or about February 20, 2024, USSS seized the Defendant Funds, as well as other funds traceable to the wire-fraud and money-laundering schemes described above.

36.    On or about April 4, 2024, USSS timely commenced administrative forfeiture against the Defendant Funds, as well as other seized funds traceable to the wire-fraud and money-laundering schemes described above.

37.    On or about April 29, 2024, Milena Rodriguez, on behalf of MRK Ventures LLC, filed a claim to Defendant Funds 1 in the administrative forfeiture proceeding.

38.    On or about April 29, 2024, Matthew Kleinsmith, through his attorney, filed a claim to Defendant Funds 2 in the administrative forfeiture proceeding.

39.    Victim 1 and Victim 2 each filed petitions for remission or mitigation of forfeiture of seized funds in the administrative forfeiture proceedings.

40.    No other claims or petitions were filed in the administrative forfeiture proceedings.

## V.    REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, these facts support a reasonable belief that the United States will be able to prove by a preponderance of the evidence that: (i) the Defendant Funds constitute and/or derive from proceeds traceable to one or more violations of 18 U.S.C. §§ 1343 and/or 1349, which render them forfeitable to the United

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 7
*United States v. $220,000 in U.S. Funds, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States pursuant to 18 U.S.C. § 981(a)(1)(C); and/or (ii) the Defendant Funds constitute property involved in, or traceable to property involved in, one or more transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 and/or 1957, which render them forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States respectfully requests:

1. A warrant issue for the arrest of the Defendant Funds;
2. That due notice be given to all interested parties to appear and show cause why the Defendant Funds should not be forfeited;
3. The Defendant Funds be forfeited to the United States for disposition according to law; and
4. For such other and further relief as this Court may deem just and proper.

DATED this 18th day of July, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

  *s/Jehiel I. Baer*
JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-2242
Fax: 206-553-6934
Email: Jehiel.Baer@usdoj.gov

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 8
*United States v. $220,000 in U.S. Funds, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# **VERIFICATION**

I, Reina N. Kloppel, am a Special Agent of the United States Secret Service, in Seattle, Washington. I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *in Rem*. The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this  15  day of  July , 2024.

**RNKLOPPEL**
Digitally signed by RNKLOPPEL
Date: 2024.07.15 10:08:13 -07'00'

_____
REINA N. KLOPPEL
Special Agent
United States Secret Service.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 9
*United States v. $220,000 in U.S. Funds, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970